# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN TAMMARO and CLAIRE TAMMARO (H/W)**<br>13 Reservation Trail<br>Media, PA 19063<br>　　　　　　　　　Plaintiff<br>　v.<br><br>**LEE TRANSPORT SYSTEMS LLC**<br>228 Garden Road<br>Pittsgrove Township, NJ 08318<br>**GARDEN LEASING INC.**<br>228 Garden Road<br>Pittsgrove Township, NJ 08318<br>　　　　　　　　　Defendants | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**PARTIES**

1.　Plaintiffs Stephen and Claire Tammaro (h/w) are adult individuals residing at the above-captioned address.

2.　Defendant Lee Transport Systems, LLC is an incorporated business entity with a principal place of business at the above-captioned address.

3.　Defendant Garden Leasing, Inc. is an incorporated business entity with a principal place of business at the above-captioned address.

4.　At all times relevant, Defendants Lee Transport Systems, LLC and Garden Leasing, Inc. (collectively referred to as "Defendants") owned and/or possessed, controlled and/or maintained the tractor trailer that caused this incident.

5.　At all relevant times hereto, Defendants Lee Transport Systems, LLC and Garden Leasing, Inc. were acting by and through their duly authorized agents, servants, workmen, and employees--all of whom were acting in the course and scope of their employment and in furtherance of Defendants' business and affairs—including truck driver Jeffrey Marques.

**BASIS FOR JURISDICTION and VENUE**

6. Plaintiffs are domiciled in the Commonwealth of Pennsylvania and Defendants' principal place of business and citizenship are in the state of New Jersey.

7. More so, the amount in controversy is well in excess of $75,000.

8. Because there is complete diversity and an amount in controversy in excess of $75,000, under 28 USC Section 1332, this Court has original jurisdiction over this civil action.

9. Plaintiffs are domiciled in the Eastern District of Pennsylvania, which is also where the incident occurred, and as such venue is proper in this District pursuant to 28 USC Section 1391 (b)(1).

**FACTS**

10. At all relevant times, Defendants' driver, Mr. Marques, was operating a tractor trailer (2018 Red CXU with a NJ license plate).

11. At all times relevant hereto, Mr. Tammaro was lawfully operating his Honda Civic.

12. On or around September 6, 2018, Mr. Tammaro was driving straight on I-95 South in Delaware County, PA (around mile marker 4.4), when suddenly and without warning, Defendants' driver's (Mr. Marques) truck rear-ended and/or side-swiped Mr. Tammaro's vehicle causing it to crash into a barrier and be totaled.

13. Mr. Marques merged from the right to left lane without clearance and even admitted that he didn't see Mr. Tammaro's vehicle. Mr. Tammaro's vehicle was totaled and he suffered serious injuries.

14. Full tort applies because, among other things, the vehicle of Mr. Marques is registered and from New Jersey, and his injuries are serious and permanent.

**INJURIES**

15. As a direct and proximate result of this incident and Defendants' negligence, Plaintiff sustained severe and permanent injuries, including disc herniation at L5-S1 requiring epidural injection(s) and/or surgery, S1 radiculopathy, low back pain that spreads to the left hip/leg with tingling of the left foot; right neck and trapezius pain, pain at the base of right finger, lumbar back pain, injuries requiring months of physical therapy and chiropractic treatment, and PTSD and other forms of mental injuries associated with this incident, among other things.

16. As a result of the negligence and carelessness of Defendants, Plaintiff was caused to suffer serious and permanent personal injuries, severe pain, discomfort, loss of sleep, stress, distress, embarrassment, humiliation, emotional anguish and suffering. Plaintiff is still receiving medical treatment and will require treatment and physical therapy into the future.

17. As a further result of the incident and Defendants' negligence, Plaintiff has, may and will in the future continue to suffer great pain and extreme agony, the loss of life's pleasures, and has been and will in the future be hindered and prevented from attending to his usual daily duties and activities, as well as household chores. He also suffers a loss of wages and future earning capacity.

18. As a further result of this incident and Defendant's negligence, Plaintiff has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse expenses for the severe injuries which he has suffered, and he will be obliged to continue to make medical, hospital, surgical and other expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

19. As a direct and sole result of this accident, Plaintiff has and will hereinafter incur other

financial expenses, damages and/or losses, including but not limited to medical expenses and assistance with ADL's, as well as further non-economic losses, and will also continue to sustain medical bills, surgical costs, hospital charges for the remainder of his life, all to his great and continuing detriment and loss.

### **COUNT I – NEGLIGENCE**
### **PLAINTIFF STEPHEN TAMMARO v. DEFENDANTS LEE TRANSPORT SYSTEMS, LLC AND GARDEN LEASING, INC.**

20. Plaintiff hereby incorporates by reference the allegations contained above as though the same were set forth at length.

21. The negligence of Defendants Lee Transport Systems, LLC and Garden Leasing, Inc. (including their employee/agent Mr. Marques) consisted, inter alia, of the following:

   (a) failing to have his vehicle under such control as to be able to stop;

   (b) failing to keep alert and maintain a proper watch for the conditions of the roadway;

   (c) failing to apply his brakes in sufficient time to avoid striking the Plaintiff's vehicle;

   (d) failing to travel at a safe speed;

   (e) failing to yield the right-of-way to Plaintiff's vehicle;

   (f) failing to keep a proper watch for the presence of other motor vehicles on the roadway;

   (g) failing to have clearance when merging to the left lane;

   (h) failing to see Mr. Tammaro's vehicle;

   (i) failing to properly select, retain, train and supervise Mr. Marques;

   (j) failing to have proper policies in place;

   (k) failure to drive his vehicle with due regard for the roadway and traffic conditions which were existing and of which he was or should have been aware;

   (l) failure to keep proper and adequate control over his vehicle;

   (m) operating said vehicle at an excessive rate of speed under the circumstances;

(n) operating said vehicle at an excessive rate of speed in light of the weather and/or visibility conditions which were then and there existing;

(o) operating said vehicle at an excessive rate of speed in light of the size and weight of the vehicle;

(p) not watching or looking where said vehicle was being operated;

(q) failing to watch the road in front of said vehicle;

(r) failing to have said vehicle under proper control;

(s) failing to have said vehicle under proper control when approaching traffic ahead of said vehicle;

(t) operating said vehicle so as to be unable to stop within the assured clear distance ahead;

(u) failing to allow an adequate stopping distance in light of the weather and/or visibility conditions then and there existing;

(v) failing to allow an adequate stopping distance in light of the size and weight of the vehicle;

(w) failing to exercise extreme caution in light of the weather and/or visibility conditions then and there existing;

(x) failing to discontinue operation of his vehicle in light of the hazardous conditions;

(y) failing to have the brakes and braking mechanism on said vehicle in proper working order and/or in failing to properly, promptly and adequately operate the brakes and braking mechanism of said vehicle;

(z) operating said vehicle in such a careless and negligent manner so as to cause or allow same to run into, strike and collide with the Plaintiff's vehicle;

(aa) failing to stop, turn aside said vehicle or take other appropriate action so that the collision would be avoided;

(bb) failing to respect the rights of the Plaintiff to the use of the roadway;

(cc) operating said vehicle while experiencing fatigue or any other cause which impaired Defendants' ability to safely operate said vehicle;

(dd) failing to adhere to rest requirements for operation of a vehicle such as said vehicle;

(ee) operating said vehicle while unfit to do so;

(ff) operating said vehicle in violation of the Pennsylvania Motor Vehicle Code including 75 Pa. C.S.A. 3361 (Assured clear distance/driving at a safe speed), 3362(Maximum speed limits), 3310 (Following too closely), 3714 (Careless driving), 3736, (Reckless driving);

(gg) operating said vehicle in violation of federal law and regulations including: 392.3-5 (ill or fatigued drivers, drugs and other substances and alcohol), 392.14 (Hazardous conditions; extreme caution), Part 393 subpart C (Brakes), 395.1 through 395.8, 395.15 and 385.16 (Hours of Service), and/or Part 396(Inspection, repair and maintenance);

(hh) failing to operate Defendant's vehicle in such a manner as to maintain an assured clear distance ahead;

(ii) following traffic in front of him too closely;

(jj) operating the subject vehicle with insufficient tires and/or treads given the weather conditions then and there existing;

(kk) negligently hiring and/or retaining Mr. Marques;

(ll) failing to adequately train Mr. Marques;

(mm) failing to adequately supervise Mr. Marques;

(nn) failing to properly maintain the subject vehicle;

(oo). permitting or requiring the subject vehicle to be operated under the weather and/or visibility conditions there and then existing.

22. As a result of the negligence and carelessness of the Defendants, Plaintiff suffered the injuries listed in paragraphs 15-19, above.

## COUNT II – LOSS OF CONSORTIUM
## PLAINTIFF CLAIRE TAMMARO v. ALL DEFENDANTS

23. Plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if the same were set forth at length herein.

24. Plaintiff Claire Tammaro is the wife of Plaintiff Stephen Tammaro.

25. As a direct and proximate result of the negligence of all defendants, Mrs. Tammaro has been deprived of the love, companionship, enjoyment of life and consortium of her husband for a great period of time and will be deprived of the

same for an indefinite time in the future, all to her great detriment and loss for which she claims reimbursement.

**RELIEF SOUGHT**

26. Plaintiffs demand judgment against Defendants for compensatory damages and a sum in well in excess of Seventy-Five Thousand ($75,000) Dollars for injuries and damages listed in paragraphs 15-19, above, interest, and for all other relief for which the Court deems appropriate.

                                                **STROKOVSKY LLC**

                                            By: */s/ Jordan Strokovsky*

Date: July 8, 2020                    JORDAN STROKOVSKY, ESQUIRE
                                            Attorney for Plaintiff
                                            Jordan L. Strokovsky, Esquire
                                            Atty ID #: 318811
                       1500 Market Street, 12th Floor East Power
                                        Philadelphia, PA 19102
                                            (215) 317.6545
                                    jordan@actionafterinjury.com